IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cr211

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>TYRONE TERRY )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court upon motion of the defendant for review of detention. (Doc. No. 27). Counsel for the defendant opines that the defendant is suffering from "obvious malpractice" committed by medical professionals at the Mecklenburg County Jail; therefore, he seeks the defendant's release from custody.[1] (Doc. No. 27: Motion at 32).

The defendant pled guilty to Count Two of the indictment on November 16, 2005, charging using a firearm during and in relation to a drug trafficking crime. (Doc. No. 13: Plea Agreement; Doc. No. 19: Acceptance and Entry of Guilty Plea). Thus, the defendant has been found guilty and is awaiting imposition of sentence for an offense described in subparagraph (B) of subsection (f)(1) of 18 U.S.C. § 3142. Pursuant to § 3143(a)(2), the defendant shall be detained unless the Court finds a substantial likelihood that a motion for acquittal or new trial will be granted; or an attorney for the government has recommended that no sentence of imprisonment be imposed; and the Court finds by clear and convincing evidence the person is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. § 3143(a)(2)(A)(i), (ii) and (B).

---

[1] Attached to the motion are letters written in March and April 2006 by doctors who previously treated the defendant and recent medical records from the jail. (Doc. No. 27: Exhibits 1, 2, and 3, respectively). Neither doctor renders any opinion on the quality of the defendant's current medical treatment.

Upon review of the record, even in a light most favorable to the defendant, the Court finds the defendant has not alleged or established that there is a substantial likelihood that motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed. Thus, the Court is obligated by the statute to detain the defendant because the prerequisites for release have not been met. Id. Even if the Court had discretion to release the defendant on bond, the Court would not do so. On November 15, 2005, the Court found that the defendant violated the conditions of his bond by using marijuana and driving without a license. (Doc. No. 15: Motion to Revoke). The Court allowed the defendant to remain on bond until he again violated the conditions of his release by using marijuana. (Doc. No. 21: Petition to Revoke). The Court is, however, concerned about the level of care provided to the defendant while he must remain in custody.

**IT IS, THEREFORE, ORDERED** that the defendant's motion for bond is **DENIED**.

**IT IS FURTHER ORDERED** that the government will submit a response within ten days of the entry of this Order regarding the medical treatment of the defendant. After reviewing the government's response, and any reply of the defendant, the Court will determine whether further action is necessary.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals service, and the U.S. Probation office.

Signed: October 10, 2006

_____
Robert J. Conrad, Jr.
Chief United States District Judge